UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF OHIO
WESTERN DIVISION AT DAYTON

KISTEN L. FOGLE,

    Plaintiff,

vs.

COMMISSIONER OF SOCIAL SECURITY,

    Defendant.

Case No. 3:17-cv-73

Magistrate Judge Michael J. Newman
(Consent Case)

---

**DECISION AND ENTRY: (1) AFFIRMING THE ALJ'S NON-DISABILITY FINDING AS SUPPORTED BY SUBSTANTIAL EVIDENCE; AND (2) TERMINATING THIS CASE ON THE COURT'S DOCKET**

---

This Social Security disability benefits appeal is before the undersigned for disposition based upon the parties' consent. Doc. 12. At issue is whether the Administrative Law Judge ("ALJ") erred in finding Plaintiff not "disabled" and therefore unentitled to Disability Insurance Benefits ("DIB") and/or Supplemental Security Income ("SSI").[1] This case is before the Court on Plaintiff's Statement of Errors (doc. 10), Commissioner's memorandum in opposition (doc. 15), Plaintiff's reply (doc. 16), the administrative record (doc. 7),[2] and the record as a whole.

**I.**

**A.**     **Procedural History**

Plaintiff filed for DIB and SSI asserting disability as of July 12, 2013 as a result of a number of alleged impairments including, *inter alia*, degenerative disc disease of her lumbar spine. PageID 71, 297-314.

---

[1] "The Commissioner's regulations governing the evaluation of disability for DIB and SSI are identical . . . and are found at 20 C.F.R. § 404.1520, and 20 C.F.R. § 404.1520 respectively." *Colvin v. Barnhart*, 475 F.3d 727, 730 (6th Cir. 2007). Citations in this Report and Recommendation to DIB regulations are made with full knowledge of the corresponding SSI regulations, and *vice versa*.

[2] Hereafter, citations to the electronically-filed administrative record will refer only to the PageID number.

After initial denial of her applications, Plaintiff received a hearing before Administrative Law Judge ("ALJ") Henry Kramzyk on October 2, 2015. PageID 92-130. The ALJ issued a decision on February 3, 2016 finding Plaintiff not disabled. PageID 69-83. Specifically, the ALJ found at Step Five that, based upon Plaintiff's residual functional capacity ("RFC") to perform a reduced range of sedentary work,[3] "there are jobs in that exist in significant numbers in the national economy that [Plaintiff] can perform[.]" PageID 73-83.

Thereafter, the Appeals Council denied Plaintiff's request for review, making the ALJ's non-disability finding the final administrative decision of the Commissioner. PageID 51-53. *See Casey v. Sec'y of Health & Human Servs.*, 987 F.2d 1230, 1233 (6th Cir. 1993). Plaintiff then filed this timely appeal. *Cook v. Comm'r of Soc. Sec.*, 480 F.3d 432, 435 (6th Cir. 2007).

**B.     Evidence of Record**

The evidence of record is adequately summarized in the ALJ's decision (PageID 69-83), Plaintiff's Statement of Errors (doc. 10), the Commissioner's memorandum in opposition (doc. 15) and Plaintiff's reply (doc. 16). The undersigned incorporates all of the foregoing and sets forth the facts relevant to this appeal herein.

## II.

**A.     Standard of Review**

The Court's inquiry on a Social Security appeal is to determine (1) whether the ALJ's non-disability finding is supported by substantial evidence, and (2) whether the ALJ employed the correct legal criteria. 42 U.S.C. § 405(g); *Bowen v. Comm'r of Soc. Sec.*, 478 F.3d 742, 745-

---

[3] The Social Security Administration ("SSA") classifies jobs as sedentary, light, medium, heavy, and very heavy depending on the physical exertion requirements. Sedentary work "involves lifting no more than 10 pounds at a time and occasionally lifting or carrying articles like docket files, ledgers, and small tools. Although a sedentary job is defined as one which involves sitting, a certain amount of walking and standing is often necessary in carrying out job duties." 20 C.F.R. § Pt. 404, Sub Pt. P, App. 2, § 203.00(a).

46 (6th Cir. 2007). In performing this review, the Court must consider the record as a whole. *Hephner v. Mathews*, 574 F.2d 359, 362 (6th Cir. 1978).

Substantial evidence is "such relevant evidence as a reasonable mind might accept as adequate to support a conclusion." *Richardson v. Perales*, 402 U.S. 389, 401 (1971). When substantial evidence supports the ALJ's denial of benefits, that finding must be affirmed, even if substantial evidence also exists in the record upon which the ALJ could have found Plaintiff disabled. *Buxton v. Halter*, 246 F.3d 762, 772 (6th Cir. 2001). Thus, the ALJ has a "'zone of choice' within which he [or she] can act without the fear of court interference." *Id*. at 773.

The second judicial inquiry -- reviewing the correctness of the ALJ's legal analysis -- may result in reversal even if the ALJ's decision is supported by substantial evidence in the record. *Rabbers v. Comm'r of Soc. Sec.*, 582 F.3d 647, 651 (6th Cir. 2009). "[A] decision of the Commissioner will not be upheld where the [Social Security Administration] fails to follow its own regulations and where that error prejudices a claimant on the merits or deprives the claimant of a substantial right." *Bowen*, 478 F.3d at 746.

**B.     "Disability" Defined**

To be eligible for disability benefits, a claimant must be under a "disability" as defined by the Social Security Act. 42 U.S.C. § 423(d)(1)(A). Narrowed to its statutory meaning, a "disability" includes physical and/or mental impairments that are both "medically determinable" and severe enough to prevent a claimant from (1) performing his or her past job and (2) engaging in "substantial gainful activity" that is available in the regional or national economies. *Id*.

Administrative regulations require a five-step sequential evaluation for disability determinations. 20 C.F.R. § 404.1520(a)(4). Although a dispositive finding at any step ends the ALJ's review, *see Colvin v. Barnhart*, 475 F.3d 727, 730 (6th Cir. 2007), the complete sequential review poses five questions:

1. Has the claimant engaged in substantial gainful activity?;

2. Does the claimant suffer from one or more severe impairments?;

3. Do the claimant's severe impairments, alone or in combination, meet or equal the criteria of an impairment set forth in the Commissioner's Listing of Impairments (the "Listings"), 20 C.F.R. Subpart P, Appendix 1?;

4. Considering the claimant's RFC, can he or she perform his or her past relevant work?; and

5. Assuming the claimant can no longer perform his or her past relevant work -- and also considering the claimant's age, education, past work experience, and RFC -- do significant numbers of other jobs exist in the national economy which the claimant can perform?

20 C.F.R. § 404.1520(a)(4); *see also Miller v. Comm'r of Soc. Sec.*, 181 F. Supp.2d 816, 818 (S.D. Ohio 2001). A claimant bears the ultimate burden of establishing disability under the Social Security Act. *Key v. Comm'r of Soc. Sec.*, 109 F.3d 270, 274 (6th Cir. 1997).

## III.

In her Statement of Errors, Plaintiff argues the ALJ erred by: (1) improperly weighing medical opinion evidence; and (2) improperly evaluating her credibility. Doc. 10 at PageID 727-40.

Having carefully reviewed the administrative record and the parties' briefs, and also having carefully considered the ALJ's analysis leading to the non-disability finding here at issue, the Court finds the ALJ carefully and reasonably developed and reviewed the record; appropriately considered the medical evidence at issue; properly weighed opinion evidence based upon reasons supported by substantial evidence; reasonably assessed Plaintiff's credibility; posed appropriate hypothetical questions to the VE; accurately determined Plaintiff's RFC; and appropriately concluded, at Step Five, that Plaintiff can perform a significant number of jobs in the national economy.

### A. Medical Opinion Evidence

Until March 27, 2017, "the Commissioner's regulations [that apply to this appeal] establish[ed] a hierarchy of acceptable medical source opinions[.]" *Snell v. Comm'r of Soc. Sec.*, No. 3:12-cv-119, 2013 WL 372032, at *9 (S.D. Ohio Jan. 30, 2013). In descending order, these medical source opinions are: (1) treaters; (2) examiners; and (3) record reviewers. *Id*. Under the regulations then in effect, which control here, the opinions of treaters are entitled to the greatest deference because they "are likely to be . . . most able to provide a detailed, longitudinal picture of [a claimant's] medical impairment(s) and may bring a unique perspective to the medical evidence that cannot be obtained from the objective medical findings alone or from reports of individual examinations[.]" 20 C.F.R. § 404.1527(c)(2).

A treater's opinions must be given "controlling weight" if "well-supported by medically acceptable clinical and laboratory diagnostic techniques and . . . not inconsistent with the other substantial evidence in [the] case record." *LaRiccia v. Comm'r of Soc. Sec.*, 549 F. App'x 377, 384 (6th Cir. 2013). Even if a treater's opinion is not entitled to controlling weight, "the ALJ must still determine how much weight is appropriate by considering a number of factors, including the length of the treatment relationship and the frequency of examination, the nature and extent of the treatment relationship, supportability of the opinions, consistency of the opinions with the record as a whole, and any specialization of the treating physician." *Blakley v. Comm'r of Soc. Sec.*, 581 F.3d 399, 406 (6th Cir. 2009); *see also* 20 C.F.R. § 404.1527(c)

Furthermore, a treating source's opinion as to a claimant's employability is a legal conclusion, and not a "medical source opinion," as defined by Social Security regulations, which the ALJ must accept. *See* 20 C.F.R. §§ 404.1527(c)-(d). Social Security regulations mandate that the question -- of whether or not a claimant is disabled -- is an administrative issue reserved solely to the province of the Commissioner. *Id.*; *see also Warner v. Comm'r of Soc. Sec.*, 375

5

F.3d 387, 390 (6th Cir. 2004) ("The determination of disability is ultimately the prerogative of the Commissioner, not the treating physician"). Thus, the ALJ need not give either controlling or deferential weight to an opinion that a claimant is "disabled." *See* 20 C.F.R. § 404.1527(e)(1) ("A statement by a medical source that you are 'disabled' or 'unable to work' does not mean that we will find that you are disabled"); *see also* Soc. Sec. Ruling 96-5p, 1996 SSR LEXIS 2, at *2 ("The regulations provide that the final responsibility for deciding issues such as these is reserved to the Commissioner").

After treaters, "[n]ext in the hierarchy are examining physicians and psychologists, who often see and examine claimants only once." *Snell*, 2013 WL 372032, at *9.

Record reviewers are afforded the least deference and these "non-examining physicians' opinions are on the lowest rung of the hierarchy of medical source opinions." *Id.* "The regulations provide progressively more rigorous tests for weighing opinions as the ties between the source of the opinion and the individual [claimant] become weaker." *Id.* (citing SSR 96-6p, 1996 WL 374180, at *2 (July 2, 1996)).

The medical opinion evidence in this case, *inter alia*, includes three opinions from Plaintiff's treating physician Lynn Robbins, M.D. PageID 392-93, 533-34, 648-50. The ALJ assigned all of Dr. Robbins's opinions "some weight." PageID 81.

Here, the ALJ appropriately weighed Dr. Robbin's opinions with the other medical evidence of record, and clearly articulated "good reasons" for his conclusions. PageID 79-81; s*ee* 20 C.F.R. § 404.1527(d)(2). For example, Dr. Robbins' opined that Plaintiff had extreme problems reaching, handling, and manipulating. PageID 534. The ALJ appropriately determined, however, that the medical opinion evidence of record lacked any support documenting problems with Plaintiff's upper extremely limitations. PageID 773. Rather, the ALJ reasonably concluded that Plaintiff exhibited full strength in her upper extremities and full

grip strength.  PageID 657.  Furthermore, substantial evidence supports the ALJ's finding that Dr. Robbin's opinions are inconsistent with Plaintiff's reported daily activities.  PageID 80, 108-09, 112.

Substantial evidence also supports the ALJ's decision to give "some weight" to the shared opinion of medical consultants William Bolz, M.D., and J. Gorniak, D.O.  PageID 79-80. Drs. Bolz and Gorniak opined Plaintiff was capable of light work.  PageID 121-28, 149-57.  The ALJ assigned these opinions "some weight" because they were consistent with evidence of record, but further limited Plaintiff to sedentary work in light of Plaintiff's testimony and consideration of additional evidence supporting a more restrictive RFC.  PageID 80.  As such, substantial evidence supports the ALJ's finding that Plaintiff's impairments, whether viewed singly or in combination, do not demonstrate disability. *Id.*

Accordingly, the ALJ's analysis of the medical opinion evidence of record is therefore supported by substantial evidence and, as a result, Plaintiff's first alleged error is without merit.

**B. Credibility**

The ALJ, and not this Court, "evaluate[s] the credibility of witnesses, including that of the claimant." *Rogers v. Comm'r of Soc. Sec.*, 486 F.3d 234, 247 (6th Cir. 2007).  A reviewing Court must "accord the ALJ's determinations of credibility great weight and deference particularly since the ALJ has the opportunity, which we do not, of observing a witness's demeanor while testifying." *Jones v. Comm'r of Soc. Sec.*, 336 F.3d 469, 476 (6th Cir. 2003) (citations omitted).

Nevertheless, in setting forth a credibility finding, the ALJ's determination "cannot be based on an intangible or intuitive notion about an individual's credibility[,]" and instead, "[t]he reasons for the credibility finding must be grounded in the evidence and articulated in the determination or decision." *See* SSR 96-7p, 1996 WL 374186, at *7 (July 2, 1996).  In fact, the

ALJ must set forth "specific reasons for the finding on credibility, supported by the evidence in the case record, and must be sufficiently specific to make clear to the individual and to any subsequent reviewers the weight the adjudicator gave to the individual's statements and the reasons for that weight." *Id.*

Contrary to Plaintiff's assertion, the ALJ's credibility analysis sets forth a specific explanation as to why he found Plaintiff's statements -- concerning the intensity, persistence and limiting effects of her symptoms -- "are not credible." PageID 77-79. The ALJ cites numerous inconsistencies between the objective evidence in the record and Plaintiff's testimony. *See* PageID 73-75, 78, 97-98, 120, 567, 653, 657-58, 660-61. The ALJ's analysis of Plaintiff's credibility is therefore supported by substantial evidence and, as a result, the undersigned finds Plaintiff's contention, regarding the ALJ's credibility assessment, to be without merit.

## IV.

The Court thus **AFFIRMS** the ALJ's non-disability finding as supported by substantial evidence, and **TERMINATES** this case on the docket.

**IT IS SO ORDERED.**

Date:   February 7, 2018             s/ Michael J. Newman
                                                                           Michael J. Newman
                                                                           United States Magistrate Judge